# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN M. HICKOX,

|                          |                              |
| ------------------------ | ---------------------------- |
| Plaintiff,               | CIVIL ACTION NO. 3:20-CV-02241 |
| v.                       | (MEHALCHICK, M.J.)           |
| SGT. NOVOSEL,            |                              |
| Defendant.               |                              |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendant Sgt. Novosel ("Novosel"). (Doc. 15). *Pro se* Plaintiff Justin M. Hickox ("Hickox") initiated this action against Novosel by filing a complaint in the Court of Common Pleas of Centre County, Pennsylvania, on October 14, 2020. (Doc. 1-1, at 2). The action was removed to the United States District Court for the Middle District of Pennsylvania on December 1, 2020. (Doc. 1). At all times relevant to this action, Hickox is currently incarcerated in the State Correctional Institution at Benner Township ("SCI-Benner Twp."). (Doc. 1-1, at 3). Novosel filed the motion for summary judgment on July 15, 2021, together with a brief in support and a statement of facts. (Doc. 15; Doc. 16; Doc. 17). The time for filing has passed, Hickox has not filed a brief in opposition, and the motion is now ripe for disposition. (Doc. 18). For the following reasons, the Court will grant the motion for summary judgment. (Doc. 15).

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 14, 2020, Hickox filed a complaint in the Court of Common Pleas of Centre County, Pennsylvania, asserting that Novosel violated Hickox's right to access the court when Novosel denied law library access when Hickox was not on the callout list for the

library. (Doc. 1-1, at 3; Doc. 17, ¶ 1). On December 1, 2020, Novosel removed the action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1446(d). (Doc. 1, at 2). On December 21, 2020, the parties consented to proceed before the undersigned United States Magistrate Judge. (Doc. 4). On January 4, 2021, Novosel filed an answer to the complaint, denying Hickox's allegations. (Doc. 7). On January 22, 2021, Novosel filed a motion to take the deposition of Hickox, which the Court granted on January 25, 2021. (Doc. 9; Doc. 10).

On April 21, 2021, Hickox's deposition was taken under oath. (Doc. 17, ¶ 2; Doc. 16-1, at 3-42). In the deposition, Hickox testified that there are two separate federal cases involved in his denial of access claim: (1) a federal habeas corpus action, *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Feb. 2, 2018); and (2) a federal civil rights action, *Hickox v. Gearhart*, No. 3:19-CV-00828 (M.D. Pa. Mar. 14, 2019). (Doc. 17, ¶ 3). The Court takes judicial notice of the docket in the federal habeas corpus action, No. 4:18-CV-00227, and the docket in the federal civil rights action, No. 3:19-CV-00828. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Hickox testified that the federal civil rights action is no longer part of the denial of access to courts claim because that case was settled and voluntarily dismissed. (Doc. 16-1, at 26; Doc. 17, ¶ 2-4); *see Hickox v. Gearhart*, No. 3:19-CV-00828 (M.D. Pa. Sept 11, 2020), ECF No. 46. On December 20, 2019, the Court adopted the undersigned's report and recommendation to dismiss Hickox's habeas petition, finding no error in the undersigned's recommendation that Hickox's claims were procedurally defaulted or without merit. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Dec. 20, 2019), ECF No. 28; (Doc. 17, ¶ 6).

On July 29, 2021, Novosel filed the motion for summary judgment, as well as a brief in support and statement of facts. (Doc. 15; Doc. 16; Doc. 17). On September 15, 2021, the

Court ordered Hickox to file a brief in opposition on or before October 6, 2021. (Doc. 18). The Court warned that if Hickox did not file a brief in opposition, Hickox would be deemed not to oppose the motion for summary judgment. (Doc. 18). No brief in opposition has been filed, and thus the motion is deemed unopposed. *See* L.R. 7.6.

II.   **LEGAL STANDARDS**

   A.   MOTION FOR SUMMARY JUDGMENT

   Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

   A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,*

477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

B. Unopposed Motion

Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for

failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009) (not precedential). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, a plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. V. I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. *Anchorage Assocs.*, 922 F.2d at 175.

In this case, Hickox has failed to submit any opposition to Novosel's motion for summary judgment. Therefore, the motion will be deemed unopposed. (Doc. 15). Moreover, because Hickox has failed to file a separate statement of material facts controverting the statement filed by Novosel, all materials set forth in Novosel's statement of material facts will be deemed admitted pursuant to Local Rule 56.1. (Doc. 17). Although Hickox is deemed not to have opposed this pending dispositive motion, the Court must nevertheless satisfy itself that Novosel has met his burden of production and therefore is entitled to summary judgment as a matter of law. *See Lorenzo v. Griffith*, 12 F.3d 23, 38 (3d Cir. 1993); *Anchorage Assocs.*, 922 F.2d at 174-75.

III.   **DISCUSSION**

In the motion for summary judgment, Novosel argues that the Court should grant summary judgment in his favor because Hickox cannot establish an actual injury to his right

of access to courts. (Doc. 16, at 4). Further, Novosel asserts that Hickox cannot identify a non-frivolous claim which was interfered with by Novosel. (Doc. 16, at 2). In the complaint, Hickox asserts that in October 2019, he "was required to meet two separate deadlines in two different matters: a thirty day conditions of confinement complaint and a habeas corpus petition, which is a collateral attack on a sentence." (Doc. 1-1, ¶ 14, 45). However, Hickox contends that because Novosel denied access to the law library, "both matters were dismissed solely due to the missed deadlines and [Hickock] has suffered irreparable harm." (Doc. 1-1, ¶ 47).

It is well-established that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury." *Garcia v. Dechan*, 384 F. App'x 94, 95 (3d Cir. 2010) (*per curiam*); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996). "An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a 'nonfrivolous' and 'arguable' claim." *Garcia*, 384 F. App'x at 95; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate an "actual injury," a plaintiff must show that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis*, 518 U.S. at 356. This injury requirement reflects the fact that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher*, 536 U.S. at 414–15. Moreover, under *Bounds*, the "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at  355.

Novosel moves for summary judgment on the ground that Hickox failed to demonstrate any actual injury because Hickox  "has no evidence to prove harm as a result of the denial of library time." (Doc. 16, at 1; Doc. 17, at 3). In the complaint, Hickox argues that because Novosel denied him access to the law library, both of his federal cases "were dismissed solely due to the missed deadlines and [Hickock] has suffered irreparable harm." (Doc. 1-1, ¶ 47).

First, Hickox fails to establish an actual injury occurred regarding his federal civil rights action. *See Hickox v. Gearhart*, No. 3:19-CV-00828 (M.D. Pa. Mar. 14, 2019). Upon review, Hickox's deposition testimony provides clear and definitive support for Novosel's position regarding the federal civil rights claim. On September 11, 2020, the federal civil claim was dismissed after Hickox and the defendant settled the claims and voluntarily stipulated to dismissal pursuant to Rule 41(a)(1)(ii). *Hickox v. Gearhart*, No. 3:19-CV-00828 (M.D. Pa. Sept 11, 2020), ECF No. 46. In Hickox's deposition taken on April 21, 2021, Hickox testified that the federal civil rights action is no longer part of the denial of access to courts claim because that case was settled and voluntarily dismissed. (Doc. 16-1, at 26; Doc. 17, ¶ 2-4). Therefore, Hickox's claim that Novosel denied access to courts regarding this matter fails because there is no genuine issue as to whether Hickox suffered an actual injury. *See Lewis*, 518 U.S. at 356.

Second, Hickox fails to establish an actual injury occurred regarding his federal habeas corpus action. *See Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Feb. 2, 2018). On October 25, 2019, the undersigned issued a report and recommendations, finding that two of Hickox's claims were procedurally defaulted and that one was without merit.[1] *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26. On November 12, 2019, Hickox filed timely objections to the undersigned's recommendations, arguing that he is entitled to an exception to the procedural default rule and that he can show actual innocence. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Nov. 12, 2019), ECF No. 27. On December 20, 2019, the Court adopted the undersigned's recommendations and denied Hickox's habeas petition, finding no error in the undersigned's recommendation that Hickox's claims were procedurally defaulted or without merit. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Dec. 20, 2019), ECF No. 28; (Doc. 17, ¶ 6). On March 1, 2020, Hickox filed a notice of appeal to the United States Third Circuit Court of Appeals as to the Court's dismissal of his habeas

---

[1] Specifically, the undersigned found that Hickox's Post-Conviction Relief Act ("PCRA") petition and habeas petition claims were procedurally defaulted because Hickox failed to allege facts sufficient to support his claims and Hickox failed to establish his entitlement to application of the exceptions to the rule barring federal courts from considering procedurally barred claims. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26, at 9-10. Further, the undersigned found that Hickox failed to establish that a fundamental miscarriage of justice would result from the Court's dismissal of his habeas petition because he did not establish actual innocence of the charges for which he was convicted as "Hickox has pleaded guilty to the charges against him – **twice** – undermining his claim of actual innocence." *Hickock v. Ferguson*, No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26, at 11 (emphasis in original). Finally, the undersigned found that Hickox's claim of ineffectiveness assistance of counsel lacked merit because "the PCRA court's dismissal of Hickox's petition was simply not contrary to or an unreasonable application of federal law." *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26, at 13. Therefore, the undersigned recommended dismissal of Hickox's habeas petition and that the case be closed. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26, at 13.

petition. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Mar. 1, 2020), ECF No. 29. On October 29, 2020, the Third Circuit denied the request, finding that Hickox failed to make a substantial showing of the denial of a constitutional right. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Oct. 29, 2020), ECF No. 32. Hickox did not appeal the decision of the Third Circuit. (Doc. 17, ¶ 8).

A review of the docket of Hickox's federal habeas corpus claim reveals that at the time when Novosel allegedly denied Hickox access to the law library, there was a pending deadline for Hickox to file objections to the undersigned's report and recommendations. *See Hickock v. Ferguson*, No. 4:18-CV-00227 (M.D. Pa. Oct. 25, 2019), ECF No. 26, at 14. However, Hickox successfully filed timely objections to the undersigned's recommendations. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Nov. 12, 2019), ECF No. 27. Upon *de novo* review, the Court found no error in the undersigned's conclusion that Hickox's claims were either procedurally defaulted or without merit. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Dec. 20, 2019), ECF No. 28, at 2. Thus, the Court adopted the undersigned's recommendations and dismissed Hickox's habeas petition. *Hickock v. Ferguson,* No. 4:18-CV-00227 (M.D. Pa. Dec. 20, 2019), ECF No. 28, at 2).

Based on Hickox's own deposition testimony, and based upon the publicly available records of the cases described in his complaint, viewing the evidence in the light most favorable to the non-moving plaintiff, the Court finds no genuine dispute as to any material fact and that Novosel is entitled to judgment as a matter of law because Hickox has failed to adduce any evidence of actual injury. *See Wyatt v. Malisko*, No. 3:16-CV-01438, 2020 WL 3001936, at *7-8 (M.D. Pa. Mar. 19, 2020) (dismissing plaintiff's access to courts claim because plaintiff failed to establish evidence of actual injury where there were no pending

deadlines at the time access to legal papers was allegedly denied). Accordingly, Novosel's motion for summary judgment is granted on the merits. (Doc. 15).

IV.   **CONCLUSION**

Based on the foregoing, Novosel's motion for summary judgment is **GRANTED**. (Doc. 15).

An appropriate Order follows.

BY THE COURT:

Dated: December 31, 2021

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**